IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CURTIS TYRONE THOMAS, JR.,** : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-3230 |
| : | |
| **KYRA COOPER,** *et al.*, : | |
| Defendants. : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                         **AUGUST 31, 2023**

Plaintiff Curtis Tyrone Thomas, Jr., a prisoner incarcerated at SCI Smithfield,[1] brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, raising constitutional claims based on the publication of information related to Thomas's prosecution in Chester County for criminal charges of which he was ultimately convicted. Thomas seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Thomas leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.      FACTUAL ALLEGATIONS[2]**

In March 2023, Thomas was found guilty of strangulation and simple assault in connection with offenses that occurred on September 11, 2019. *See Commonwealth v. Thomas*, CP-15-CR-0004120-2019 (C.P. Chester). He also pled guilty to prohibited possession of a firearm. *Id.* In his Complaint in the instant case, Thomas alleges that the Defendants — the

---

[1] The Pennsylvania Department of Corrections' inmate locator reflects that Thomas was transferred to SCI Smithfield after he filed this lawsuit. The Clerk of Court will be directed to update Thomas's address.

[2] The following allegations are taken from the Complaint and public records of which the Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

1

Daily Local News; Kyra Cooper, the victim of the crime for which Thomas was convicted; and Deb Ryan, the District Attorney of Chester County[3] — defamed him in connection with their comments about his convictions by misrepresenting details of his case.

Specifically, Thomas alleges that after he was convicted, the Daily Local News and Ryan posted articles containing "false and defamatory statements and details of [his] case" on Facebook, Instagram, and in the newspaper. (Compl. at 4.) The articles allegedly stated the Thomas struck Cooper "multiple times causing bruises" even though Cooper did not testify as such and even though evidence allegedly showed Cooper suffered only a "superficial linear abrasion" rather than a bruise. (*Id.*) Thomas further alleges that the articles asserted facts based on an anonymous witness and misrepresented his relationship with Cooper. (*Id.*) He further alleges that Cooper testified falsely at his trial and that her "defamatory" false statements led to his conviction.[4] (*Id.* at 5.) Thomas also contends that the articles "jeopardized the trial [he] was set to have on [his] severed charges." (*Id.* at 6.)

Based on those allegations, Thomas brings claims pursuant to 42 U.S.C. § 1983 for "defamation of character." (*Id.* at 3.) The Court also understands Thomas to be raising claims for defamation under state law. Thomas seeks $200,000 in damages, allegedly for loss of his "businesses and business reputation." (*Id.* at 6.)

---

[3] *See* https://www.chesco.org/4473/District-Attorney-Deb-Ryan (last visited Aug. 25, 2023).

[4] The Complaint alludes to "attachments," (Compl. at 5), but no such attachments were filed with the Complaint.

## II. STANDARD OF REVIEW

The Court grants Thomas leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court must also review the Complaint and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As Thomas is

---

[5] However, as Thomas is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

#### A. Section 1983 Defamation Claims

##### 1. Claims Against the Daily Local News and Cooper

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

The Daily Local News and Cooper are a private newspaper and the victim of Thomas's crimes, respectively. There is no plausible suggestion in the Complaint that they could be considered state actors. Accordingly, any § 1983 claims against these two Defendants fail. *See Mikhaeil v. Santos*, 646 F. App'x 158, 162 (3d Cir. 2016) (*per curiam*) (newspaper and its staff

4

members were "private actors — not state actors"); *St. Louis v. Wilson*, 248 F. App'x 343, 344 (3d Cir. 2007) (*per curiam*) (father of plaintiff's victim and father's girlfriend were not state actors); *see also Harper v. Harrell*, Civ. A. No. 17-5603, 2017 WL 6594382, at *3 n.3 (E.D. Pa. Dec. 22, 2017) (concluding that the Philadelphia Daily News, Fox 29 News, and their employees could not be considered state actors liable for defamation pursuant to § 1983); *Ray v. Middlesworth*, No. 10-1818, 2011 WL 42886, at *3 (D.N.J. Jan. 6, 2011) ("A person's false statement to the police or in a criminal proceeding is not, without more, state action under § 1983" and, in any event, witnesses are entitled to "absolute immunity from damages under § 1983 for false testimony").

### 2. Claims Against Ryan

The Complaint fails to state an actionable due process claim against Ryan, the District Attorney, based on harm to Thomas's reputation. An individual does not have a protected interest in reputation alone. *See Thomas v. Independence Twp.*, 463 F.3d 285, 297 (3d Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). Instead, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701-12). Therefore, a plaintiff must plead a "stigma-plus" claim in his complaint. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest"). "Outside the public employment context, this standard generally requires an allegation that the defamation was 'coupled with an alteration in legal status.'" *Hester v.*

*Allentown Police Dep't*, No. 13-4249, 2013 WL 4482453, at *3 (E.D. Pa. Aug. 21, 2013) (quoting *Brown v. Montoya*, 662 F.3d 1152, 1167 (10 Cir. 2011)).

Even assuming that the alleged misrepresentation of details about Thomas's criminal proceeding could be considered defamatory in light of the fact that he was actually convicted, Thomas has failed to state a "stigma-plus" claim. Thomas vaguely alleges that the articles about his convictions harmed his "business reputation" and "jeopardized the trial [he] was set to have on [his] severed charges." (Compl. at 6.) To the extent Thomas sustained harm to his employment or business prospects flowing from alleged harm to his reputation, that harm is insufficient to support a "stigma plus" claim. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (if damage to employment "flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a [civil rights] action"); *Randall v. Facebook, Inc.*, 718 F. App'x 99, 101 (3d Cir. 2017) (*per curiam*) (affirming dismissal of defamation claim where prisoner alleged that "press release defamed him and limited his prospects for employment as a musician"). Thomas's remaining allegation that the trial on his severed charges were "jeopardized" is far too vague to support a claim since he fails to provide any information about the severed charges and how, precisely, they were jeopardized by the alleged misrepresentations in the articles posted by Ryan.

### B. State Law Defamation

To the extent that Thomas intended to raise state law defamation claims, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a).[6] This provision grants a district court jurisdiction over a case in which "the matter in controversy exceeds the

---

[6] The Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims, having dismissed all of Thomas's federal claims.

6

sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

Thomas has not raised any allegations about his citizenship or the citizenship of the parties, and it appears that all of the parties may be citizens of Pennsylvania. Since the Complaint fails to allege a basis for diversity jurisdiction, the Court will dismiss any state law defamation claims for lack of subject matter jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Thomas's Complaint. Thomas will be given an opportunity to file an amended complaint in the event he can cure the defects in his claims. An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, J.**