IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CURTIS TYRONE THOMAS, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-3230** |
| | : | |
| **KYRA COOPER,** *et al.*, | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**KENNEY, J.**                                            **SEPTEMBER 29, 2023**

Currently before the Court is a "Motion to Amend" filed by Plaintiff Curtis Tyrone Thomas, Jr.  For the following reasons, the Court will grant the Motion, treat Thomas's filing as his Amended Complaint in this case, and dismiss his claims.

## I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

In March 2023, Thomas was found guilty of strangulation and simple assault in connection with offenses that occurred on September 11, 2019.  *See Commonwealth v. Thomas*, CP-15-CR-0004120-2019 (C.P. Chester).  He subsequently pled guilty to prohibited possession of a firearm. *Id.*  In his initial Complaint in the instant case, Thomas brought claims pursuant to 42 U.S.C. § 1983 based on allegations that the Defendants — the Daily Local News; Kyra Cooper, the victim of the crime for which Thomas was convicted; and Deb Ryan, the District Attorney of Chester County — defamed him in connection with their comments about his criminal case by misrepresenting details of his case in articles published about his conviction.

In an August 31, 2023 Memorandum and Order, the Court granted Thomas leave to proceed *in forma pauperis* and dismissed his Complaint.  ECF Nos. 5 & 6.  The Court explained that Thomas's § 1983 defamation claims failed because:  (1) neither the Daily Local News nor

Cooper could be considered state actors subject to liability under § 1983; and (2) Thomas failed to plead a "stigma-plus" claim because his allegations that he "sustained harm to his employment or business prospects flowing from alleged harm to his reputation" were insufficient, and his suggestion that his trial on severed charges was jeopardized was "far too vague to support a claim since he fail[ed] to provide any information about the severed charges and how, precisely, they were jeopardized by the alleged misrepresentations in the articles." *Thomas v. Cooper*, No. 23-3230, 2023 WL 5651985, at *3 (E.D. Pa. Aug. 31, 2023). Further, to the extent the Complaint could be construed to raise defamation claims under state law, the Court lacked an independent basis upon which to exercise jurisdiction over those claims. *Id.* The dismissal of Thomas's Complaint was without prejudice to him filing an amended complaint. *Id.*

Thomas responded to the Court's Memorandum and Order by filing his pending "Motion to Amend." ECF No. 8. The Court will grant the Motion to the extent Thomas seeks to file this document as his Amended Complaint, even though he already had permission to amend, and will treat the document as his Amended Complaint because it appears to constitute Thomas's effort to cure the defects in his initial Complaint. The Court understands Thomas to be alleging that the Daily Local News and Cooper can be considered state actors because they acted in concert with state officials and because the state has "so far insinuated itself into the position of interdependence with the acting party that is must be recognized as a joint participant in the challenged activity." ECF No. 8 at 1. Thomas further claims that Ryan discriminated against him (1) based on an "age difference" between himself and the victim of his crime and (2) because, although he is Black, there was "only one Black or Brown person on [his] jury pool." *Id.* As for his defamation claim, Thomas alleges that the "stigma plus" is the alleged misrepresentation about certain details in his criminal case, such as his relationship status with the victim and the specific manner in which he

2

harmed the victim. *Id.* at 1-2. Thomas claims that "these articles collectively defamed my name and reputation, business and personally, and also extinguished my rights to a fair trial by impartial jury" in connection with "the severed charge that [he] was set to stand trial on a week after the release of the articles." *Id.* at 2.

## II.    STANDARD OF REVIEW

Since Thomas is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

## III.    DISCUSSION

### A.  Claims Against the Daily Local News and Cooper

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:  (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

The Daily Local News and Cooper are a private newspaper and the victim of Thomas's crimes, respectively.  Although Thomas alleges that these Defendants acted in concert with state officials and that the state has insinuated itself into a position of interdependence with them such that they may be considered state actors, he has not alleged any facts in support of those allegations.  Rather, he merely recited legal principles.  In other words, Thomas's allegation that these two private Defendants may be considered state actors for purposes of § 1983 is entirely conclusory and insufficient to establish state action here.  Accordingly, any § 1983 claims against these two Defendants fail.  *See Mikhaeil v. Santos*, 646 F. App'x 158, 162 (3d Cir. 2016) (*per curiam*) (newspaper and its staff members were "private actors — not state actors"); *St. Louis v. Wilson*, 248 F. App'x 343, 344 (3d Cir. 2007) (*per curiam*) (father of plaintiff's victim and father's girlfriend were not state actors);  *see also Harper v. Harrell*, Civ. A. No. 17-5603, 2017 WL 6594382, at *3 n.3 (E.D. Pa. Dec. 22, 2017) (concluding that the Philadelphia Daily News, Fox 29

News, and their employees could not be considered state actors liable for defamation pursuant to § 1983); *Ray v. Middlesworth*, No. 10-1818, 2011 WL 42886, at *3 (D.N.J. Jan. 6, 2011) ("A person's false statement to the police or in a criminal proceeding is not, without more, state action under § 1983" and, in any event, witnesses are entitled to "absolute immunity from damages under § 1983 for false testimony").

### B. Claims Against Ryan

Thomas has again failed to state a claim against District Attorney Ryan. Taking his defamation claim first, an individual does not have a protected interest in reputation alone. *See Thomas v. Independence Twp.*, 463 F.3d 285, 297 (3d Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). Instead, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701-12). Therefore, a plaintiff must plead a "stigma-plus" claim in his complaint. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation <u>plus</u> deprivation of some additional right or interest"). "Outside the public employment context, this standard generally requires an allegation that the defamation was 'coupled with an alteration in legal status.'" *Hester v. Allentown Police Dep't*, No. 13-4249, 2013 WL 4482453, at *3 (E.D. Pa. Aug. 21, 2013) (quoting *Brown v. Montoya*, 662 F.3d 1152, 1167 (10 Cir. 2011)).

Even assuming that the alleged misrepresentation of details about Thomas's criminal proceeding could be considered defamatory in light of the fact that he was actually convicted, Thomas has again failed to state a "stigma-plus" claim. To the extent Thomas sustained harm to

his employment or business prospects flowing from alleged harm to his reputation, that harm is insufficient to support a "stigma plus" claim. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (if damage to employment "flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a [civil rights] action"); *Randall v. Facebook, Inc.*, 718 F. App'x 99, 101 (3d Cir. 2017) (*per curiam*) (affirming dismissal of defamation claim where prisoner alleged that a "press release defamed him and limited his prospects for employment as a musician").   Although Thomas suggests that the allegedly defamatory statements made in articles undermined the fairness of his trial on the severed firearms charge, he again provides only generalized allegations in support of that assertion and, in any event, it appears he pled guilty to the severed charge rather than proceeding to trial.   In sum, he has not alleged any plausible basis for a "stigma-plus" claim.[1]

Further, to the extent Thomas brings a Fourteenth Amendment claim against Ryan based on the racial make-up of the jury pool at his trial or any other manner in which his prosecution was handled, such claims are barred by absolute prosecutorial immunity.   Prosecutors are entitled to absolute immunity from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case."   *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).   District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth.   *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).   Accordingly, there is no plausible basis for a claim against Ryan based on matters related to Thomas's prosecution.

---

[1] This conclusion provides an alternative basis for the dismissal of Thomas's claims against the Daily Local News and Cooper.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will construe Thomas's Motion to Amend as his Amended Complaint and dismiss it for failure to state a claim.  Thomas will not be given further leave to amend because the Court concludes that amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").  An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, J.**
